IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ROLANDIS CHATMON                                             PETITIONER
ADC #140078

V.                          Case No. 4:26-CV-00316-KGB-BBM

DEXTER PAYNE, Director,                                      RESPONDENT
Arkansas Division of Correction

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge Kristine G. Baker. You may file written objections to this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection and (2) be received by the Clerk of this Court within 14 days of the date of this Recommendation. If you do not file objections, Chief Judge Baker may adopt this Recommendation without independently reviewing all the evidence in the record. You may waive the right to appeal questions of fact by not objecting.

## I.    BACKGROUND

On March 30, 2026, Rolandis Chatmon, a prisoner incarcerated in the Arkansas Division of Correction's Varner Unit, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his state court convictions.[1] (Doc. 1). This is

---

[1] In 2013, a Faulkner County, Arkansas, jury convicted Chatmon of three counts of aggravated robbery and one count of theft of property. *Chatmon v. State*, 2015 Ark. 28, at 1–3, 467 S.W.3d 731, 732–33. He was sentenced as a habitual offender, with a firearm enhancement, to three life sentences plus 360 months, to be served consecutively. *Id*. at 1, 467 S.W.3d at 732–33.

Chatmon's fourth § 2254 habeas case challenging the same judgment; this district court dismissed his first habeas petition on the merits, and it dismissed his second and third petitions for lack of subject matter jurisdiction. *See Chatmon v. Payne*, Case No. 4:21-CV-00172-KGB (E.D. Ark.) (Doc. 9) (order adopting recommended disposition finding district court lacked jurisdiction over petitioner's successive petition); *Chatmon v. Rutledge*, Case No. 4:19-CV-00508-BRW (E.D. Ark.) (Doc. 6) (order adopting recommended disposition finding district court lacked jurisdiction over petitioner's successive petition); *Chatmon v. Kelley*, Case No. 5:16-CV-00133-KGB (E.D. Ark.) (Doc. 124) (order adopting recommended disposition on the merits, denying petition, and dismissing the case with prejudice).

For the reasons discussed below, the Court recommends that this action, likewise, be dismissed, *sua sponte*, for lack of subject matter jurisdiction. 28 U.S.C. § 2244(b)(3)(A).

## II.     DISCUSSION

After conducting the required initial review of a § 2254 habeas petition, a federal court must summarily deny relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." RULES GOVERNING § 2254 CASES IN THE U.S. DIST. CTS. 4. As part of this initial review, the court is required to decide whether it has subject matter jurisdiction. *See Northport Health Servs. v. Rutherford*, 605 F.3d 483, 490 (8th Cir. 2010) ("[F]ederal courts are obligated to consider lack of subject matter jurisdiction *sua sponte*.").

A petition is "second or successive" when it challenges the same judgment as a previous habeas petition by the same Petitioner. *Magwood v. Patterson*, 561 U.S. 320, 331

2

(2010). Only an appropriate court of appeals has the authority to permit a petitioner to file a successive § 2254 habeas action. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *see also* RULES GOVERNING § 2254 CASES IN THE U.S. DIST. CTS. 9. Where the petitioner has neither sought nor received authorization from the appropriate court of appeals before filing a second or successive petition, the district court lacks jurisdiction to entertain it. *Burton v. Stewart*, 549 U.S. 147, 152–53, 157 (2007).

Chatmon cites *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003), for the proposition that he is not required to seek authorization to file a successive habeas petition where he could not have raised his claim in his first habeas petition. (Doc. 1 at 3). Chatmon argues that the factual predicate giving rise to his current claim had not occurred when he filed his first habeas petition in 2016. *Id*. However, Chatmon fails to acknowledge that this district court has rejected this same argument twice—in both 2019 and 2022 based on the same facts he currently presents as new—for failing to first seek authorization. *See Chatmon v. Payne*, Case No. 4:21-CV-00172-KGB, (Doc. 9); *Chatmon v. Rutledge*, Case No. 4:19-CV-00508-BRW, (Doc. 6). Unless and until Chatmon obtains the required authorization from the Eighth Circuit to file a successive habeas petition, this Court lacks subject matter jurisdiction over this action.

## III.   CONCLUSION

If Chatmon wishes to present a second or successive habeas corpus application under § 2254, he must first obtain permission from the Eighth Circuit Court of Appeals. 28

U.S.C. § 2244. Because Chatmon did not seek the required permission before filing the above-captioned matter, this Court lacks jurisdiction to consider his Petition for Writ of Habeas Corpus.

IT IS THEREFORE RECOMMENDED that:

1.     Chatmon's Petition for Writ of Habeas Corpus, (Doc. 1), be DISMISSED, without prejudice for lack of subject matter jurisdiction.

2.     Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases in the United States District Courts, a Certificate of Appealability be DENIED.

DATED this 11th day of May, 2026.

Benecia Moore
_____
UNITED STATES MAGISTRATE JUDGE

4